IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZANTHE X. MATTHEWS, # B-24837, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01071-MJR |
| | ) |
| JEREMY J. TANNER, | ) |
| BILLY J. COLSON, and RANDY DAVIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff Zanthe Matthews (Doc. 2). Plaintiff, an inmate at Big Muddy River Correctional Center ("BMR"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In clear violation of § 1915(a)(2), Plaintiff submitted a trust fund account statement containing a forged signature of an institutional officer on the certification page. The

---

[1] In cases where IFP status is denied, the required fee has increased from $350.00 to $400.00.

1

signature appears to be that of "Major Kevin Rousey" (Doc. 2-1, p. 3).  However, after Plaintiff filed this document on October 15, 2013, BMR officials informed the Court in writing that Major Rousey's signature was forged (Doc. 6).  According to BMR's documentation, Plaintiff was issued a disciplinary ticket for forgery after admitting that, instead of Major Rousey, Plaintiff "had another inmate sign the signature block" on the certification page of the trust fund account statement (Doc. 6, pp. 2-3).  Following an adjustment committee hearing on October 20, 2013, Plaintiff was punished with three months of C-grade, commissary restriction, library restriction, and gym/yard restriction (Doc. 6, p. 3).

On October 22, 2013, Plaintiff sent a letter to the Court admitting that he filed a forged trust fund account certification.  In the letter, Plaintiff explained that he allowed another inmate to complete the certification on his behalf (Doc. 7, p. 1).  Plaintiff indicated that he did not realize an officer had to complete the form—despite the explicit language on the certification page stating that it is "TO BE COMPLETED BY AN AUTHORIZED INSTITUTIONAL OFFICER" (Doc. 2-1, p. 3) (emphasis in original).  Plaintiff was also under the impression that an inmate could complete the certification on his behalf, although he failed to explain how an inmate would be justified in holding himself out as an institutional officer by adopting the officer's signature.  Plaintiff stated, "I didn't know that the inmate had forged the Major's name.  I never paid too much attention to the form.  I just took it and put it in my vanilla (sic) envelope. . . ."  Plaintiff's explanation is incredible.  The IFP motion clearly runs afoul of § 1915(a)(2).  Accordingly, Plaintiff's application to proceed IFP shall be denied.

Plaintiff's actions warrant the imposition of sanctions.  Although Plaintiff's IFP motion is subject to 28 U.S.C. § 1915(e)(2)(A), which requires the Court to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue," Plaintiff's actions

do not trigger application of this statutory provision. Filing a trust fund account statement containing a forged certification does not necessarily lead to the conclusion that Plaintiff's allegation of poverty is untrue. No other allegations in the motion or affidavit suggest that Plaintiff has the financial means to pay the filing fee. According to the motion and affidavit, Plaintiff has received no income during the past twelve months, beyond a single $100 gift from relatives in April 2013 (Doc. 2, p. 1). He discloses no other assets (Doc. 2). Plaintiff filed two other lawsuits with this Court that include IFP motions containing nearly identical allegations.[2] Under the circumstances, the Court cannot conclude that Plaintiff's allegations of poverty are untrue. Accordingly, the Court declines to dismiss the case under § 1915(e)(2)(A) at this time.

Even so, sanctions are necessary to deter future fraudulent filings by this, and other, litigants. The Court possesses inherent authority to sanction litigants, once the Court determines that a party "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *see Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). The Court finds that Plaintiff did both. His decision to file an IFP motion that included a forged trust fund account certification was intentional, performed in bad faith, and constituted an egregious abuse of the IFP procedure. Under the circumstances, Plaintiff shall be prohibited from filing another application to proceed IFP in this case, whether or not it contains the signature of an authorized official. The Court simply will not tolerate Plaintiff's flagrant disregard of the judicial process. If he wishes to proceed with this action, Plaintiff will have to pay the full filing fee of $400.00.

---

[2] On the date Plaintiff filed this lawsuit, he also filed two other actions under 42 U.S.C. § 1983 in this Court, along with applications to proceed IFP. *See Matthews v. Davis, et al.*, No. 13-cv-01072-GPM (S.D. Ill. Oct. 16, 2013) (Doc. 2); *Matthews v. Davis, et al.*, No. 13-cv-01073-JPG (S.D. Ill. Oct. 16, 2013) (Doc. 2). Beyond this, Plaintiff has filed no other lawsuits in this Court.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) is **HELD IN ABEYANCE** until Plaintiff timely pays the full filing fee for this action.

Plaintiff's motion for service of process at government expense (Doc. 4) is **HELD IN ABEYANCE** until Plaintiff timely pays the full filing fee for this action.

**Disposition**

IT IS HEREBY ORDERED that Plaintiff's motion for leave to proceed IFP in this case (Doc. 2) is **DENIED**.

IT IS ALSO ORDERED that as a sanction for filing a forged trust fund account certification, Plaintiff is prohibited from submitting further applications to proceed *in forma pauperis* in this case.

IT IS FURTHER ORDERED that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED:  November 6, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
